TERRY M. GORDON - SBN 75604
LAW OFFICES OF TERRY M. GORDON
Three Harbor Drive, Suite 215
Sausalito, California 94965
Telephone: (415) 331-3601
Facsimile: (415) 331-1225

JAY EDELSON (pending PRO HAC VICE)
MYLES MCGUIRE (pending PRO HAC VICE)
ELIZABETH MACKEY (pending PRO HAC VICE)
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Facsimile: (312) 873-4610

JOHN G. JACOBS (pending PRO HAC VICE)
BRYAN G. KOLTON (pending PRO HAC VICE)
THE JACOBS LAW FIRM, CHTD.
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Facsimile: (312) 427-1850

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALIZA VALDEZ, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>M-QUBE, INC., a Delaware corporation, VERISIGN, INC., a Delaware corporation, and BUONGIORNO USA, INC., a Florida Corporation, d/b/a BLINKO,<br><br>    Defendants. | Case No. CV 07-06496 SI<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**<br><br>Hearing Date: Feb. 22, 2008<br>Time: 9:00 a.m.<br>Dept.: Crtrm. 10, 19th Flr.<br><br>The Hon. Susan Illston<br><br>**CLASS ACTION** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case No. CV 07-06496 SI**

## I. Introduction

In their removal papers, Defendants m-Qube, Inc. and Verisign, Inc. (hereinafter "Defendants[1]") claim that the amount in controversy of this action exceeds $5,000,000 – which is fundamental to their position on the instant remand motion – is summed up in two sentences from their brief:

> The total amount of any award against the m-qube Defendants and in favor of Plaintiff and the proposed nationwide class *would appear to be substantial*. In addition, the m-Qube Defendants' cost of complying with an award of injunctive relief on the claims alleged in the Complaint *would appear substantial*.

(Notice of Removal, at ¶30 (emphasis supplied)). In short, without any concrete allegations to rely upon, let alone evidence of their own, Defendants would have the Court find that jurisdiction under the Class Action Fairness Act (CAFA) exists simply because this case appears to them to be big. The unanimous law on the subject makes plain that Defendants' argument should be rejected. Further, because their removal petition is "wrong as a matter of law," Defendants should be required to pay Plaintiff's fees and expenses in bringing this motion.

## II. Facts

Plaintiff Aliza Valdez ("Valdez") on behalf of herself and a class brings the underlying action against Defendants seeking to stop Defendants' practice of causing cellular telephone customers to be billed for mobile content services ordered by customers previously assigned their telephone number, and to obtain redress for all persons injured by their conduct.

Mobile content services include services such as ring tones, text alerts, jokes, news, games, and daily horoscopes delivered to customers' mobile devices. (Comp. ¶ 17.) These mobile content services generally renew automatically each month and the resulting charges are

---

[1] The third defendant, Buongiorno USA, Inc., has not sought removal .

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case No. CV 07-06496 SI**

2

included on the customer's cell phone bill. (Comp. ¶ 18.) Valdez's claims stem from what happens when telephone carriers "recycle" telephone numbers that were previously assigned to other persons or entities and which are encumbered with pre-existing billing obligations for products and services authorized by the telephone carriers' customers previously assigned those numbers. (Comp. ¶19) The telephone carriers, working in concert with billing agents such as Defendant m-Qube, Inc. continue to charge the new customer for subscriptions purchased by the old customers. (Comp. ¶¶ 20-22.)

### III. Applicable Statutory Law

CAFA provides, putting aside certain exceptions that are not applicable, "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," there are at least 100 members of the putative class, and at least one member of the putative class is a citizen of a state different from the Defendant. 28 U.S.C. § 1332(d)(2).

### IV. Argument

#### A. Removal statutes such as 28 U.S.C. § 1332(d)(2) are strictly construed.

The removal statutes are construed restrictively in this Circuit and there is a strong presumption against removal:

> The removal statutes are construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Hofler v. Aetna U.S. Healthcare*, 296 F.3d 764, 767 (9th Cir. 2002). There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability are resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir.2003).

*Havel v. SunAmerica Securities, Inc*., 2006 WL 2917591, *1 (N.D.Cal. 2006).

### B. **Defendants have failed to meet their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.**

It is well established that "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." See, *e.g. Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006)(per curiam); *Blockbuster v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006); *Morgan v. Gay*, 471 F.3d 469, 473 (3d. Cir. 2006); *Evans v. Walter Indus. Inc.*, 449 F.3d 1159 (11th Cir. 2006). Where a complainant does not specify damages sought, a defendant must "prove by a preponderance of the evidence that the amount in controversy has been met" in order to meet this burden. *Abrego*, 443 F.3d at 683 (citations omitted).

In the instant case, Defendants have failed to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Without providing any cost analysis or monetary reference points, Defendants do little more than baldly assert that Valdez's requested damages and other forms of relief "would appear to be substantial". (Notice of Removal at ¶¶30-31.) Defendants then conclude, with no further explanation, that once combined, these "substantial" sums must exceed $5,000,000. (See Notice of Removal at ¶33.) Defendants, tellingly, decline to offer any real explanation, let alone provide any evidence of their own, to support this conclusion.

The closest Defendants come in this regard is to reference Plaintiff's allegations that Defendants have "systematically [and] repeatedly . . . caused charges to be placed on the cell phone bills of thousands of consumers." (Notice of Removal ¶¶27-29.) However, it simply does not follow that there is $5,000,000 at issue because "systematic[] [and] repeated[]" charges were placed on thousands of cellular customers' telephone bills. Indeed, Valdez claims she was

improperly billed approximately $40,[2] and there is no reason to believe that she is in any way atypical. Even if there were 5,000 class members in this case, that would mean the average class member would need to have suffered $1,000 in damages in order to reach the jurisdictional amount.

Nor does it follow that there is $5,000,000 at issue simply because Plaintiff has asserted multiple theories of liability seeking "broad and far-reaching relief" against separate Defendants. (Notice of Removal at ¶¶26-29.) If that argument were sound, there would be CAFA jurisdiction in almost every nationwide class action.

Finally, while Defendants state "the cost of complying with an award of injunctive relief on the claims alleged in the Complaint would appear to be substantial," Defendants have not supported this statement with any evidence at all. (Notice of Removal at ¶30.) Significantly, Defendants do not refute Valdez's assertion that Defendants could easily stop their illegal billing procedures by simply identifying inconsistent dates or identities (i.e., if the carrier's records show that the consent date came before the current number's owner obtained that number). (Comp. ¶ 45.) Because Defendants have provided absolutely no evidence of cost of complying with an award of injunctive relief, they have not shown that these costs would be "substantial," much less that they would be anywhere near $5,000,000.

In short, Defendants are simply asking the Court to assume that this case is large enough to satisfy the jurisdictional requirements of CAFA. In doing so, Defendants have come nowhere close to meeting their burden, and removal was, therefore, improper.

### C. Attorneys' Fees and Costs Should Be Awarded

Because Defendants' removal was wrong as a matter of law, the Court should award costs and fees to the Plaintiff. *See Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102,

---

[2] Valdez alleges that Defendants caused Sprint to bill Valdez a monthly premium for a "Text Alerts" service of $9.99 on three separate occasions, and an additional monthly premium for a "ringer" service charge of $3.99 on two separate occasions. (Comp. ¶¶29-30.)

1106 n.6 (9th Cir. 2000) (explaining that plaintiff need not show that defendant acted in bad faith, but rather that the removal was "wrong as a matter of law."). *See also Connecticut Housing Finance Authority v. Eno Famrs Ltd. Partnership*, 2007 WL 1670130 (D. Conn. June 6, 2007).

                                              Respectfully submitted,

Dated: January 8, 2008                LAW OFFICES OF TERRY M. GORDON

By: /s/ Terry M. Gordon
     TERRY M. GORDON
     One of the Attorneys for ALIZA
     VALDEZ, individually and on behalf of
     a class of similarly situated individuals

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**Case No. CV 07-06496 SI**

6